UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

─────────────────────────────────────────

GARY DANIEL EMPSON,

                              Plaintiff,

              -vs-                                        13-CV-465-JTC

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

                              Defendant.

─────────────────────────────────────────

APPEARANCES:    LAW OFFICES OF KENNETH HILLER, Amherst, New York, for
                Plaintiff.

                WILLIAM J. HOCHUL, JR., United States Attorney (MARY K.
                ROACH, Assistant United States Attorney, of Counsel), Buffalo, New
                York, for Defendant.

        This matter has been transferred to the undersigned for all further proceedings, by

order of Chief United States District Judge William M. Skretny dated August 6, 2014 (Item

17).

        Plaintiff Gary Daniel Empson initiated this action on May 6, 2013, pursuant to the

Social Security Act, 42 U.S.C. § 405(g) ("the Act"), for judicial review of the final

determination of the Commissioner of Social Security ("Commissioner") denying plaintiff's

application for Social Security Disability Insurance ("SSDI") and Supplemental Security

Income ("SSI") benefits under Title II and Title XVI of the Act, respectively.  Plaintiff has

moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil

Procedure (see Item 11).  In response, the Commissioner has filed a cross-motion for

judgment on the pleadings (see Item 12).  For the following reasons, plaintiff's motion is

denied, and the Commissioner's cross-motion is granted.

## BACKGROUND

Plaintiff was born on June 1, 1974 (Tr. 40).[1]  On November 9, 2010, he filed applications for SSDI and SSI alleging disability due to back and neck pain with an onset date of October 29, 2010 (Tr. 69, 160-75).  The applications were denied administratively (Tr. 107-12).  Plaintiff then requested a hearing, which was held before administrative law judge ("ALJ") Bruce Mazzarella on March 22, 2012 (Tr. 34-85).  Plaintiff appeared and testified at the hearing, and was represented by counsel.

On April 5, 2012, the ALJ issued a decision finding that plaintiff was not disabled under the Act (Tr. 19-26).  Following the sequential evaluation process outlined in the Social Security Administration regulations (*see* 20 C.F.R. §§ 404.1520, 416.920), the ALJ found that plaintiff had "severe" physical impairments (including back, neck, and shoulder pain), but that these impairments, considered alone or in combination, did not meet or medically equal any of the impairments listed at 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "Listings") (Tr. 21).  The ALJ discussed the medical evidence in the record, including progress notes and opinions from plaintiff's treating medical sources, reports of diagnostic testing, a functional capacity evaluation, and plaintiff's hearing testimony regarding his complaints of pain, and determined that while plaintiff was unable to perform his past relevant work as a laborer in the construction industry, plaintiff had the residual functional capacity ("RFC") to perform the full range of sedentary work  (Tr. 22).  Considering

---

[1]Parenthetical numeric references preceded by "Tr." are to pages of the administrative transcript filed by the Commissioner as part of the answer in this action (Item 7).

2

plaintiff's age, education, work experience, and RFC, the ALJ concluded that Rule 201.24 of the Medical-Vocational Guidelines, 20 C.F.R. Pt. 404, Subpt. P, App. 2 (the "Grids"), directed a finding of "not disabled" (Tr. 26).

The ALJ's decision became the final decision of the Commissioner on March 11, 2013, when the Appeals Council denied plaintiff's request for review (Tr. 1-6), and this action followed.

In his motion for judgment on the pleadings, plaintiff contends that the Commissioner's determination should be reversed because the ALJ should have recontacted plaintiff's treating physicians for detailed medical source statements.  He also argues that the ALJ failed to explain why he found no limitation in plaintiff's ability to engage in prolonged sitting.  Finally, plaintiff argues that the Appeals Council erred in failing to remand the case based on a medical opinion of plaintiff's treating physician.  *See* Items 11-1, 16.  The government contends that the Commissioner's determination should be affirmed because the ALJ's decision is based on substantial evidence.  *See* Item 12-1.

## DISCUSSION

### I.    Scope of Judicial Review

The Social Security Act provides that, upon district court review of the Commissioner's decision, "[t]he findings of the Commissioner . . . as to any fact, if supported by substantial evidence, shall be conclusive …."   42 U.S.C.  §  405(g). Substantial evidence is defined as evidence which "a reasonable mind might accept as adequate to support a conclusion."  *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938), *quoted in Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also Tejada v.*

*Apfel*, 167 F.3d 770, 773-74 (2d Cir. 1999).  The substantial evidence test applies not only to findings on basic evidentiary facts, but also to inferences and conclusions drawn from the facts.  *Giannasca v. Astrue*, 2011 WL 4445141, at *3 (S.D.N.Y. Sept. 26, 2011) (citing *Rodriguez v. Califano*, 431 F. Supp. 421, 423 (S.D.N.Y. 1977)).

Under these standards, the scope of judicial review of the Commissioner's decision is limited, and the reviewing court may not try the case *de novo* or substitute its findings for those of the Commissioner.  *Richardson*, 402 U.S. at 401; *see also Cage v. Comm'r of Soc. Servs.*, 692 F.3d 118, 122 (2d Cir. 2012).  The court's inquiry is "whether the record, read as a whole, yields such evidence as would allow a reasonable mind to accept the conclusions reached" by the Commissioner.  *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982), *quoted in Hart v. Colvin*, 2014 WL 916747, at *2 (W.D.N.Y. Mar. 10, 2014).

However, "[b]efore the insulation of the substantial evidence test comes into play, it must first be determined that the facts of a particular case have been evaluated in the light of correct legal standards."  *Klofta v. Mathews*, 418 F. Supp. 1139, 1411 (E.D.Wis. 1976), *quoted in Sharbaugh v. Apfel*, 2000 WL 575632, at *2 (W.D.N.Y. March 20, 2000); *Nunez v. Astrue*, 2013 WL 3753421, at *6 (S.D.N.Y. July 17, 2013) (citing *Tejada*, 167 F.3d at 773.  "Failure to apply the correct legal standard constitutes reversible error, including, in certain circumstances, failure to adhere to the applicable regulations."  *Kohler v. Astrue*, 546 F.3d 260, 265 (2d Cir. 2008) (citations omitted).  Thus, the Commissioner's determination cannot be upheld when it is based on an erroneous view of the law, or misapplication of the regulations, that disregards highly probative evidence.  *See Grey v. Heckler*, 721 F.2d 41, 44 (2d Cir. 1983); *see also Johnson v. Bowen*, 817 F.2d 983, 985

(2d Cir. 1987) ("Failure to apply the correct legal standards is grounds for reversal."), *quoted in McKinzie v. Astrue*, 2010 WL 276740, at *6 (W.D.N.Y. Jan. 20, 2010).

If the Commissioner's findings are free of legal error and supported by substantial evidence, the court must uphold the decision.   42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive, and where a claim has been denied ... the court shall review only the question of conformity with [the] regulations…."); *see Kohler*, 546 F.3d at 265.   "Where the Commissioner's decision rests on adequate findings supported by evidence having rational probative force, [the court] will not substitute [its] judgment for that of the Commissioner." *Veino v. Barnhart*, 312 F.3d 578, 586 (2d Cir. 2002).   Even where there is substantial evidence in the record weighing against the Commissioner's findings, the determination will not be disturbed so long as substantial evidence also supports it.   *See Marquez v. Colvin*, 2013 WL 5568718, at *7 (S.D.N.Y. Oct. 9, 2013) (citing *DeChirico v. Callahan*, 134 F.3d 1177, 1182 (2d Cir. 1998) (upholding the Commissioner's decision where there was substantial evidence for both sides)).

In addition, it is the function of the Commissioner, not the reviewing court, "to resolve evidentiary conflicts and to appraise the credibility of witnesses, including claimant." *Carroll v. Sec'y of Health and Human Services*, 705 F.2d 638, 642 (2d Cir. 1983); *cf. Cichocki v. Astrue*, 534 F. App'x 71, 75 (2d Cir. 2013).   "Genuine conflicts in the medical evidence are for the Commissioner to resolve," *Veino*, 312 F.3d at 588, and the court "must show special deference" to credibility determinations made by the ALJ, "who had the opportunity to observe the witnesses' demeanor" while testifying.   *Yellow Freight Sys. Inc.*

*v. Reich*, 38 F.3d 76, 81 (2d Cir. 1994).

## II.    Standards for Determining Eligibility for Disability Benefits

To be eligible for SSDI or SSI benefits under the Social Security Act, plaintiff must present proof sufficient to show that he suffers from a medically determinable physical or mental impairment "which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months …," 42 U.S.C. § 423(d)(1)(A), and is "of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy …." 42 U.S.C. § 423(d)(2)(A); *see also* 20 C.F.R. §§ 404.1505(a), 416.905(a).  As indicated above, the regulations set forth a five-step process to be followed when a disability claim comes before an ALJ for evaluation of the claimant's eligibility for benefits.  *See* 20 C.F.R.§§ 404.1520, 416.920.  First, the ALJ must determine whether the claimant is presently engaged in substantial gainful activity.  If the claimant is not, the ALJ must decide if the claimant has a "severe" impairment, which is an impairment or combination of impairments that has lasted (or may be expected to last) for a continuous period of at least 12 months which "significantly limits [the claimant's] physical or mental ability to do basic work activities...." 20 C.F.R. §§ 404.1520(c), 416.920(c); *see also* §§ 404.1509, 416.909 (duration requirement).  If the claimant's impairment is severe and of qualifying duration, the ALJ then determines whether it meets or equals the criteria of an impairment found in the Listings.  If the impairment meets or equals a listed impairment, the claimant will be found to be disabled.  If the claimant does not have a listed impairment, the fourth step

requires the ALJ to determine if, notwithstanding the impairment, the claimant has the residual functional capacity to perform his or her past relevant work.  If the claimant has the RFC to perform his or her past relevant work, the claimant will be found not to be disabled.  Finally, if the claimant is not capable of performing the past relevant work, the fifth step requires that the ALJ determine whether the claimant is capable of performing any work which exists in the national economy, considering the claimant's age, education, past work experience, and RFC.  *See Poupore v. Astrue,* 566 F.3d 303, 306 (2d Cir. 2009); *Lynch v. Astrue*, 2008 WL 3413899, at *2 (W.D.N.Y. Aug. 8, 2008).

The claimant bears the burden of proof with respect to the first four steps of the analysis.  If the claimant meets this burden, the burden shifts to the Commissioner to show that there exists work in the national economy that the claimant can perform.  *Lynch*, 2008 WL 3413899, at *3 (citing *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999)).  "In the ordinary case, the Commissioner meets h[er] burden at the fifth step by resorting to the applicable medical vocational guidelines (the grids), … [which] take into account the claimant's residual functional capacity in conjunction with the claimant's age, education, and work experience."  *Rosa*, 168 F.3d at 78 (internal quotation marks, alterations and citations omitted).

## III.    The ALJ's Disability Determination

In this case, ALJ Mazzarella determined at step one of the sequential evaluation that plaintiff had not engaged in substantial gainful activity since October 29, 2010, the alleged onset date (Tr. 21).  At steps two and three, as indicated above, the ALJ found that plaintiff did not have an impairment or combination of impairments that meets or equals the

7

severity of any of the impairments in the Listings (Tr. 21-22).  At step four, the ALJ

discussed the medical evidence of record and found that plaintiff was unable to perform

his past relevant work as laborer but had the RFC to perform sedentary work as outlined

in the regulations (Tr. 22-25).  The ALJ also found that while plaintiff's medically

determinable impairments could reasonably be expected to cause the pain and symptoms

alleged, his testimony regarding the intensity, persistence, and limiting effect of his

symptoms was not credible (Tr. 23).  At the final step, the ALJ determined that there are

jobs existing in significant numbers in the national economy that plaintiff could perform,

considering his age, education, work experience, and RFC (Tr. 25-26), and that plaintiff

was thus not disabled under the regulations.

IV.    **Plaintiff's Motion**

    A.    **RFC Assessment**

Plaintiff first contends that the ALJ's RFC assessment was not based on substantial

evidence in that the ALJ should have recontacted plaintiff's treating physicians, Drs.

Cappucino and Tracy, for medical source statements that clearly described plaintiff's

symptoms.  The record reflects that plaintiff underwent disc replacement surgery in 2003

with satisfactory results.  Thereafter, in August 2010, he was involved in a motor vehicle

accident which resulted in pain and limitations in his range of movement.  In November

2010, Dr. Cappucino stated that plaintiff was "temporarily and totally disabled from any and

all forms of work" (Tr. 332).  In January 2011, plaintiff's condition had worsened and Dr.

Cappucino noted a "ongoing temporary total degree of disability from any and all forms of

employment" (Tr. 334).  An MRI of plaintiff's lumbar spine in February 2011 revealed facet

hypertrophy but no stenosis or disc herniation (Tr. 337).   In March 2011, plaintiff began treating with Dr. Tracy for pain management.   An MRI of the cervical spine in August 2011 revealed a small central disc herniation at C3-C4 and C4-C5 (Tr. 344).   A shoulder MRI at the same time indicated mild supraspinatus tendinopathy and mild osteoarthritis in the AC joint (Tr. 346).   In August 2011, Dr. Tracy stated that plaintiff had deferred cervical facet block injections, was taking Baclofen for muscle spasms and Trazodone as a sleep aid, but only as needed, and was using a TENS unit "with great benefit, decreasing pain, spasm, and also decreasing the amount of pharmacological agents" he used throughout the day (Tr. 368).   In October 2011, Dr. Cappucino recommended surgical intervention - re-exploration of the anterior lumbar spine explantation at L5-S1 and interbody fusion followed by posterior LS decompression and fusion (Tr. 352-53).

On March 13, 2013, plaintiff underwent a functional capacity evaluation by Mary R. Orrange OTR (Tr. 380-83).   The purpose of the evaluation, which was requested by Dr. Cappucino (Tr. 51), was to "to establish safe physical demand levels" (Tr. 380).   Ms. Orrange found that plaintiff "had few complaints of pain or pain behaviors" during the evaluation and "gave maximal consistent effort." *Id.*   The testing indicated mild limitations in static sitting and standing and walking, moderate limitations in elevated work, major limitations in forward bending, crawling, and stair climbing, and below average bilateral grip strength (Tr. 381).   Ms Orrange opined that plaintiff was unable to perform the heavy physical work of a laborer in the construction industry, but demonstrated the ability to perform sedentary physical demand level work (Tr. 380).

Based on the medical evidence and hearing testimony, the ALJ determined that plaintiff was able to perform sedentary work.   Plaintiff contends that the ALJ, who stated

that neither treating physician opined that plaintiff was disabled from all work, should have recontacted Drs. Cappucino and Tracy for a more definitive statement regarding plaintiff's physical limitations.

The Second Circuit has long recognized the proposition that, "where there are deficiencies in the record, an ALJ is under an affirmative obligation to develop a claimant's medical history even when the claimant is represented by counsel .…" *Rosa v. Callahan*, 168 F.3d at 79 (internal quotation marks omitted).  This duty "includes assembling the claimant's complete medical history and recontacting the claimant's treating physician if the information received from the treating physician or other medical source is inadequate to determine whether the claimant is disabled …," as well as "advising the plaintiff of the importance of such evidence." *Batista v. Barnhart*, 326 F. Supp. 2d 345, 353 (E.D.N.Y. 2004).  Conversely, "where there are no obvious gaps in the administrative record, and where the ALJ already possesses a complete medical history, the ALJ is under no obligation to seek additional information in advance of rejecting a benefits claim." *Petrie v. Astrue*, 412 F. App'x 401, 406 (2d Cir. 2011) (internal quotation marks omitted).  The Second Circuit also recently clarified that the ALJ's failure to request treating source opinions does not require remand "where, as here, the record contains sufficient evidence from which an ALJ can assess the [claimant]'s residual functional capacity." *Tankisi v. Comm'r of Social Sec.*, 521 F. App'x 29, 34 (2d Cir. 2013) (citing *Moser v. Barnhart*, 89 F. App'x 347, 348 (3d Cir.  2004); *Scherschel v. Barnhart*, 72 F. App'x 628, 630 (9th Cir. 2003); *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995)).

In this case, the record before the ALJ contained plaintiff's medical records which,

as discussed above, indicate presentment and diagnoses of plaintiff's back, neck, and shoulder pain.    Plaintiff complained of pain, but took prescribed medications only occasionally,[2] rejected facet block injections, and found relief in the use of a TENS unit. Plaintiff testified that he was able to cook, clean, do laundry, drive, and enjoy fishing (Tr. 70).    While his treating physicians stated that plaintiff was temporarily disabled, the functional capacity evaluation ordered by Dr. Cappucino in March 2012 indicated that plaintiff was capable of sedentary work. The ALJ had ample evidence, including treatment records, the functional capacity evaluation, and plaintiff's testimony regarding his daily activities, upon which to base his RFC determination that plaintiff was capable of sedentary work.    Under these circumstances, the court finds that plaintiff is not entitled to reversal or remand on the grounds that the ALJ failed to discharge his affirmative duty to develop the record by obtaining a treating source statement containing a medical opinion regarding plaintiff's RFC.

Plaintiff further argues that the ALJ erred in finding plaintiff capable of sedentary work because of his inability to sit for prolonged periods of time.  In her functional capacity evaluation, OTR Orrange found that plaintiff could frequently sit (up to 5.5 hours) and should mix sitting with other activity (Tr. 383).  Plaintiff argues that this is inconsistent with the RFC determination that he could perform sedentary work.

Sedentary work requires that an individual be able to stand and walk for a total of approximately two hours during an eight-hour workday and remain seated for

---

[2]  At the hearing on March 22, 2012, plaintiff produced bottles of prescription medications that had been filled in 2010 and 2011 and still contained substantial amounts of the medication, indicating that he rarely took them (Tr. 57-60).

approximately six hours of an eight-hour workday, with normal breaks at approximately two-hour intervals. *See* 20 C.F.R. § 404.1567(a).  "The regulations do not mandate the presumption that all sedentary jobs in the United States require the worker to sit without moving for six hours, trapped like a seat-belted passenger in the center seat on a transcontinental flight."  *Halloran v. Barnhart,* 362 F.3d 28, 33 (2d Cir. 2004).  Here, the examiner recognized plaintiff's discomfort upon prolonged sitting, and recommended mixing of other activities, but nonetheless determined that plaintiff was capable of performing sedentary work, as he could sit "frequently," up to 5.5 hours at a time (Tr. 383). This is consistent with the regulations' definition of sedentary work.

Having reviewed the record and the ALJ's decision, the court finds that the ALJ meaningfully considered the medical evidence, including the functional capacity evaluation, and correctly concluded that plaintiff could perform a full range of sedentary work, sitting for several hours in an eight-hour work day with normal breaks at approximately two-hour intervals.  Accordingly, the court finds that the RFC determination was supported by substantial evidence.

### C.  Appeals Council Decision

On October 2, 2012, following the ALJ's decision, plaintiff underwent further spinal surgery.  On November 1, 2012, Dr. Cappucino stated that plaintiff was temporarily totally disabled post-surgery for a period of four to six months (Tr. 395).  This opinion was submitted to and reviewed by the Appeals Council (Tr. 1-5).  The Appeals Council stated that the additional evidence did "not provide a basis for changing" the ALJ's decision (Tr. 2).  Plaintiff argues that the Appeals Council erred in failing to remand based on this additional evidence.

Upon receipt of an unfavorable decision by the ALJ, the claimant is entitled to request review by the Appeals Council. 20 C.F.R. § 404.967. The circumstances in which the Appeals Council will review a case are limited to when:

> "(1) [t]here appears to be an abuse of discretion by the [ALJ]; (2)[t]here is an error of law, (3)[t]he action, findings or conclusions of the [ALJ] are not supported by substantial evidence; or (4) there is a broad policy or procedural issue that may affect the general public."

20 C.F.R. § 404.970(a). If the Appeals Council denies review, the decision of the ALJ becomes the final decision of the Commissioner. *See* 20 C.F.R. § 404.981.

The claimant may submit, and the Appeals Council must consider, new and material evidence related to the period on or before the date of the ALJ hearing decision. 20 C.F.R. § 404.970(b). The Appeals Council must consider the entire record, including the new and material evidence, and review the ALJ's findings if they are contrary to the weight of the evidence now in the record. *Id.* Even if the Appeals Council denies review of the ALJ's decision, the new and material evidence submitted to the Appeals Council "becomes part of the administrative record for judicial review." *Perez v. Chater*, 77 F.3d 41, 45 (2d Cir. 1996). To the extent that the new evidence bears on the plaintiff's medical condition prior to the ALJ's decision, the court must review the ALJ's decision as though this evidence was before him when he made his decision. *Larkins v. Barnhart*, 87 F. App'x 193, 194 (2d Cir. 2004).

Here, the evidence submitted to the Appeals Council related to plaintiff's condition following his additional spinal surgery in October 2012, six months after the ALJ issued his decision. The fact that plaintiff had a second surgery corroborates his undisputed back impairment, but it does not show that the impairment caused functional limitations that

13

precluded plaintiff from engaging in substantial gainful activity during the relevant time period.  *See Lesterhuis v. Colvin,* 2014 WL 5304950, * 10 (W.D.N.Y. Aug. 11, 2014) (Appeals Council properly declined to consider medical records from plaintiff's second back surgery that did not relate to relevant time period prior to ALJ's decision).  Additionally, Dr. Cappucino opined that plaintiff would be disabled for a period of four to six months, a time period which does not meet the durational requirement of the Act.  *See* 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  Accordingly, remand is not warranted based on the additional evidence submitted to the Appeals Council.

## <u>CONCLUSION</u>

For the foregoing reasons, the court finds that the ALJ's decision is based on correct legal standards and supported by substantial evidence, and the Commissioner's determination must therefore be upheld.  Accordingly, plaintiff's motion for judgment on the pleadings (Item 11) is denied, the Commissioner's cross-motion for judgment on the pleadings (Item 12) is granted, and the case is dismissed.

The Clerk of the Court is directed to enter judgment in favor of the Commissioner, and to close the case.

So ordered.

\s\ John T. Curtin
JOHN T. CURTIN
United States District Judge

Dated:   November 12, 2014